UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISIDORO OSORIO,
on behalf of himself and all others
similarly situated,

                              Plaintiff,                    **COMPLAINT**

             - against -                         **FLSA COLLECTIVE**

ROSNER'S GROCERY,
d/b/a MAZONE GROCERY INC.
and MOSHE ROSNER, individually,

                             Defendants.
------------------------------------------------------------------------X

        Plaintiff Isidoro Osorio ("Osorio" or "Plaintiff"), by and through his attorneys, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Mazone Grocery Inc. d/b/a Rosner's Grocery ("Rosner's Grocery") and Moshe Rosner, individually ("Rosner") (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and all other similarly situated Grocery Store Workers (as hereinafter defined as "Grocery Store Workers") to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and similarly situated non-exempt workers work or have worked as Grocery Store Workers to maintain stores' inventory and ensure the cleanliness of the stores ("Grocery Store Workers") for Mazone Grocery Inc. Rosner's Grocery, a company owned and operated by Rosner.

2. Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday (as hereinafter defined) under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

4. Plaintiff and FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

**Plaintiff Isidoro Osorio**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in King's County, New York.

9. Plaintiff worked at Defendants from on or about 1999 through on or about February 2020.

10. Plaintiff was employed by Defendants as a grocery store worker.

11. As a grocery store worker, Plaintiff was responsible for maintaining the store's inventory and inventory records, ensuring that deliveries were made on time and ensuring that the store was clean.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Mazone Grocery Inc. d/b/a Rosner's Grocery**

13. Mazone Grocery Inc., d/b/a Rosner's Grocery, is a grocery store incorporated in the State of New York.

14. Rosner's Grocery has three locations: 4423 14th Avenue, Brooklyn NY; 5430 16th Ave., Brooklyn, NY and 17 Ave F., Brooklyn, NY.

15. Moshe Rosher is listed on the New York corporation database as the CEO of Mazone Grocery, Inc.

16. Upon information and belief, Rosner's Grocery has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Moshe Rosner**

17. Upon information and belief, Moshe Rosner maintains control, oversight and direction over Rosner's Grocery.

18. Rosner is a person engaged in business in King's County who is sued individually in his capacity as an owner, officer and/or agent of Rosner's Grocery.

19. Rosner exercises sufficient control over Rosner's Grocery to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had

the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Rosner's Grocery.

20. Rosner had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

22. The FLSA Collective consists of approximately 15 similarly situated current and former Grocery Store Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

23. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i.  failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

4

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

26. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Plaintiff Isidoro Osorio's Employment with Defendants**

29. Plaintiff worked as a grocery store worker for Defendants from on or about 2000 through on or about February, 2020.

30. Plaintiff worked at Defendants' store located at 5430 16th Ave., Brooklyn, NY.

31. Plaintiff's job duties primarily included maintaining the store's inventory and inventory records, ensuring that deliveries were made on time and ensuring that the store was clean.

32. Throughout his employment with Defendants, Plaintiff was regularly scheduled to work more than 40 hours each week.

33. Plaintiff was scheduled to work 6 days per week.

34. Plaintiff was scheduled to work Monday, Tuesday, Wednesday, Thursday, Friday and Sunday each week.

35. On Monday, Tuesday, Wednesday, and Sunday, Plaintiff was scheduled to work from 7:00 a.m. to 7:00 p.m. each day.

36. On Thursday, Plaintiff was scheduled to work from 7:00 a.m. to 9:00 p.m.

37. On Friday, Plaintiff was scheduled to work from 7:00 a.m. to between 4:00 and 5:00 p.m.

38. Defendants were closed during Jewish holidays.

39. Plaintiff did not receive an uninterrupted meal break during his shifts.

40. Plaintiff was paid a flat weekly salary that was not inclusive of overtime.

41. In 2014, Plaintiff was paid $1,100 per week.

42. In 2015, Plaintiff was paid $1,200 per week.

43. From 2016 through 2020, Plaintiff was paid $1,300 per week.

44. Plaintiff was paid weekly in currency (cash).

45. Plaintiff received paystubs stating inaccurately that he was paid $500 per week.

46. Defendants took withholdings from only $500 of his weekly pay.

47. Defendants never discussed overtime compensation or overtime work with Plaintiff.

48. When other employees inquired with Defendant Rosner about payment for their overtime hours, Defendant Rosner told them that if they weren't happy, they could work somewhere else.

49. Plaintiff never received an accurate written record of his regular and/overtime hours worked.

**Defendants' Violations of the Wage Theft Protection Act**

50. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

51. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

52. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

55. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

56. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

57. Defendants' decision not to pay overtime was willful.

58. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (On Behalf of Plaintiff)

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

61. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

62. Defendants' failure to pay required overtime was willful.

63. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(On Behalf of Plaintiff)**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

66. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

67. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements
### (On Behalf of Plaintiff)

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

70. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

71. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Mazone Grocery Inc. d/b/a Rosner's Grocery and Moshe Rosner, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(h) For such other further and different relief as this Court deems just and proper.

Dated:   September 24, 2020
        New York, New York

                                           **THE LAW OFFICES OF JACOB ARONAUER**

                                           By:   */s/ Jacob Aronauer*
                                                        Jacob Aronauer, Esq.
                                                        225 Broadway, 3rd Floor
                                                        New York, NY 10007
                                                        (212) 323-6980
                                                        jaronauer@aronauerlaw.com

                                                        *Attorney for Plaintiff*